PARKER (REISER v.). See Case No. 11,685.

---

## Case No. 10,747.

### PARKER v. REMHOFF.

[17 Blatchf. 206, 3 Ban. & A. 550; [1] 14 O. G. 601.]

Circuit Court, E. D. New York. Oct. 9, 1878.

PATENTS—INFRINGEMENT—BOX COVERS—BURDEN OF PROOF.

1. A patent for making a protuberance from the inside on the outer surface of the rim of the cover of a box, and a like protuberance from the inside on the outer surface of the rim of the box, so that, when the cover closes on the box, the projection on its rim will snap over the projection on the box, and thus form a fastening, is infringed where, instead of the protuberance on the cover, a hole is made in the cover.

2. The burden of proof is on a defendant, to establish, by satisfactory evidence, the prior use of a patented invention.

[This was an action by Charles Parker against Charles Remhoff.]

The patent upon which this suit was brought was granted to George N. Cummings, January 24th, 1860, and numbered 26,891, for an "improved catch for spectacle cases," the same being extended for seven years on January 20th, 1874. The invention consisted in producing two indentations with a proper tool, one in the forward part of the rim of the cover, and struck from the inside so as to produce a protuberance on the outer surface, and the other of like character, also from the inside upon the rim of the box part. The patentee claimed: "Forming a snap for metal boxes, such as spectacle cases, tobacco boxes etc., by making corresponding indentations on the rim of the lid and on the side of the said boxes, in the manner and for the purpose set forth herein."

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and by Hubert A. Banning, Esq., and Henry Arden, Esq. and here compiled and reprinted by permission. The syllabus and opinion are taken from 17 Blatchf. 206, and the statement is taken from 3 Ban. & A. 550.]

B. E. Valentine, for plaintiff.
Matthew Daly, for defendant.

BENEDICT, District Judge. This action is to recover damages and for an injunction against the defendant, for an infringement of letters patent owned by the plaintiff. The subject-matter of the invention is a method of fastening for metal boxes. The invention consists in producing two indentations, one in the forward part of the rim of the cover, and struck from the inside, so as to produce a protuberance on the outer surface of the rim; the other, of like character, also from the inside, upon the rim of the box part. These indentations are so placed, that, when the cover closes upon the box, the projection on its rim will snap over the projection on the box, and so form a fastening for the box. The defendant makes a metal box and puts a hole in place of an indentation from the inside of the rim producing a protuberance, into which hole a protuberance on the box snaps, and thus the box is fastened. The difference between the plaintiff's and the defendant's device is, that, in the defendant's fastening, the sides of a hole perform the function which, in the plaintiff's fastening, is performed by the sides of an indentation. The sides of the hole in the rim of the defendant's box perform the same function as that of the sides of the indentation in the plaintiff's box, and produce a similar result. The plaintiff makes an indentation in the rim of his box, to permit the protuberance on the body of the box to snap into it and so fasten the box. The defendant, instead of making an indentation, cuts a hole, which permits the protuberance to snap into it, and, by the action of the sides of the hole upon the sides of the protuberance, the box is fastened. There is no difference in principle or effect between the two fasteners, and, in my opinion, the charge of infringing is made out.

The defendant, as a further defence, denies the validity of the plaintiff's patent, for want of novelty, and produces several witnesses and various boxes, for the purpose of showing that devices similar to the plaintiff's were in use prior to [Jan., 1860] [2] the date of the plaintiff's patent. Here, the burden is upon the defendant, to establish the fact of prior use by satisfactory evidence. This has not been done. Of the various boxes that have been produced, only two of them can make any claim to resemble the plaintiff's invention, and the testimony in respect to these two articles is too indefinite and uncertain to warrant the conclusion that they were in existence prior to the plaintiff's patent, in the face of evidence from several of the largest dealers in this sort of merchandise, that, previous to the plaintiff's invention, no boxes so fashioned were known, and that, when the plaintiff introduced his fastening, the forms then in use were superseded and no longer salable. The evidence, as it stands, has failed to convince me that any fastening similar to that of the plaintiff was in public use or on sale in this country prior to the invention of the plaintiff. There, must, therefore, be a decree in favor of the plaintiff.